JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| IN RE FARADAY FUTURE INTELLIGENT ELECTRIC INC. DERIVATIVE LITIGATION | Lead Case No. 2:22-cv-01570-CAS-(JCx) Consolidated with Case No. 2:22-cv-01852-CAS-(JCx) |
|---|---|
| | **ORDER AND FINAL JUDGMENT** |
| This Document Relates to: ALL ACTIONS | |

**ORDER AND FINAL JUDGMENT**

  This matter came before the Court for hearing on November 4, 2024, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated July 19, 2024 (the "Stipulation"). The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Good cause appearing therefore, the Court enters this Order and Final Judgment (the "Judgment").

///

///

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the California Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3. The Court finds that the notice of the Settlement was published and disseminated in accordance with this Court's Preliminary Approval Order. This Court further finds that the forms and contents of the Notice and Summary Notice, as previously preliminarily approved by the Court, fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of dueprocess.

4. The Court hereby approves the Settlement set forth in the Stipulation, finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Parties, finds that the Settlement is in the best interests of Faraday and Current Faraday Stockholders, and orders the Parties to perform the terms of the Settlement as set forth in the Stipulation.

5. The California Action and all claims contained therein, as well as all of the Released Claims against Released Persons, are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided below.

6. Upon the Effective Date, Plaintiffs Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims against the Released Persons. Plaintiffs Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Persons with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in the Settlement and/or this Judgment.

7. Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of Defendants' Released Persons from Defendants' Released Claims. The Released Persons shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue Defendants' Released Persons with respect to any of Defendants' Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against Defendants' Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation and/or this Judgment.

8. During the course of the litigation, all parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and all other similar laws or statutes.

9. The Court hereby approves the sum of seven hundred and seventy-five thousand dollars ($775,000.00) for the payment of Plaintiffs' Counsel's attorneys' fees and expenses in the Derivative Actions (the "Fee and Expense Amount") and finds that the Fee and Expense Amount is fair and reasonable. No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement. The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

10. The Court hereby approves the service awards of two thousand dollars ($2,000.00) for each of the five Plaintiffs to be paid from Plaintiffs' Counsel's Fee and Expense Amount in recognition of Plaintiffs' participation and effort in the prosecution of the Derivative Actions.

11. Neither the Stipulation, nor any of its terms or provisions, nor entry of this Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, may be construed as, or may be used as evidence of the validity of any of the claims released herein or an admission by or against the Individual Defendants of any fault, wrongdoing, or concession of liability whatsoever.

12. Defendants and Defendants' Released Persons may file the Stipulation and/or the Judgment in any action that has or may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

14. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Stipulation and Settlement in all respects and orders the Parties to perform its terms to the extent the Parties have not already done so.

15. This Judgment is a final, appealable judgment, and the Court finds that no just reason exists for delay in entering the Judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: October 30, 2024

_____
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE